IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHNSON CONTROLS TECHNOLOGY COMPANY,<br><br>      Plaintiff and Counterclaim Defendant,<br><br>    v.<br><br>WILLOW TECHNOLOGIES, LLC and WILLOW TECHNOLOGY USA, INC.,<br><br>      Defendants and Counterclaim Plaintiffs,<br><br>and<br><br>WILLOW TECHNOLOGY OPERATIONS PTY LIMITED,<br><br>      Counterclaim Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>C.A. No. 21-1796 (JDW)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS AND COUNTERCLAIM PLAINTIFFS'**
**FIRST MOTION TO COMPEL DISCOVERY**

OF COUNSEL:

Russell E. Levine, P.C.
Jay Emerick
Adam M. Janes
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
rlevine@kirkland.com
jay.emerick@kirkland.com
adam.janes@kirkland.com
(312) 862-2000

September 2, 2022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Defendants and Counterclaim Plaintiffs Willow Technologies, LLC, Willow Technology USA, Inc., and Counterclaim Plaintiff Willow Technology Operations Pty Limited*

I.  **INTRODUCTION**

Defendants and Counterclaim Plaintiffs Willow Technologies, LLC and Willow Technology USA, Inc. and Counterclaim Plaintiff Willow Technology Operations Pty Limited (collectively, "Willow") respectfully move this Court for an order compelling Plaintiff Johnson Controls Technology Company ("JCTC") to provide a reasonably precise and detailed response to Willow Interrogatory No. 1, which seeks basic information that patent owner JCTC should know: the alleged dates of conception and reduction to practice of JCTC's purported inventions, JCTC's support for such dates, and what each named inventor contributed. "The inventors are current and former [JCTC] employees. … It is not unreasonable or burdensome for [Willow] to ask, or this Court to order, that [JCTC] specifically set out [invention] dates, even approximate dates, and identify the documents that support the asserted dates …." *Beckman Coulter, Inc. v. Sysmex Am., Inc.*, No. 18-CV-6563, 2019 WL 1875356, at *3 (N.D. Ill. Apr. 26, 2019) (ordering patent owner to supplement interrogatory response to include "the earliest date it intends to claim for conception and … for reduction to practice of the asserted claims" and to "include a factual description that corresponds to the dates and cites to corresponding specific document bates numbers").

In this litigation, JCTC has asserted U.S. Patents Nos. 7,031,880; 10,055,114; 10,921,972; 11,073,976; 10,515,098; 11,038,709; 11,108,587; 10,534,326; and 11,024,292 (the "Asserted Patents"). By default, the invention date for patent claims is presumed to be the date of the earliest non-provisional filing with the patent office. But a patentee may seek to assert an earlier invention date to, e.g., overcome prior art challenges. *See, e.g., In re Foster*, 343 F.2d 980 (CCPA 1965) (permitting patentee to "swear behind" prior art reference where the reference is not a statutory bar under pre-AIA 35 U.S.C. 102(b), (c), or (d)); 37 C.F.R. § 131. The patentee bears the burden of identifying the specific dates upon which it relies and of corroborating any such assertion. Willow Interrogatory No. 1 seeks whether JCTC contends that an earlier invention date than the

1

initial patent application filing applies to any claim of the Asserted Patents. Willow is developing its invalidity theories and its invalidity contentions are due in November. To avoid prejudicing Willow, it is important that JCTC provide this information and do so quickly. To date, JCTC has refused to do so.

JCTC has not provided a date of alleged invention for any claim of the Asserted Patents; rather, without supporting explanation or evidence, JCTC contends that each Asserted Patent "was conceived and reduced to practice *no later than*" either the filing date of the application that issued as that patent or the filing date of an application to which that patent claims priority.

JCTC also refuses to provide any explanation of the contributions of individuals involved in these key dates and the diligence (if any) performed between the alleged conception and reduction to practice, with references to corroborating documents and persons. Willow has a right to more certainty and courts routinely compel patent owners to identify this information. *See*, *e.g.*, *Medtronic Inc. v. Guidant Corp.*, Nos. 00-cv-1473, 00-cv-2503, 2003 WL 23864972, at *3-5 (D. Minn. Jan. 8, 2003) (compelling response to discovery request seeking dates of conception and reduction to practice because it would "help narrow and define the issues of the case"); *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 649-50 (N.D. Cal. 2004) (same); *Brunswick Corp. v. Chrysler Corp.*, 291 F Supp. 118, 120-21 (E.D. Wis. 1968) (same).

Willow respectfully requests that JCTC be ordered to provide the information requested by Interrogatory No. 1 within 7 days of the Order. If JCTC does not provide this information, Willow requests that JCTC be precluded from later contending that any asserted claim of any Asserted Patent is entitled to an earlier priority date than the "no later than" date listed in JCTC's response to Interrogatory No. 1.

## II.  PROCEDURAL AND FACTUAL BACKGROUND

On July 13, 2022, Willow served on JCTC its First Set of Interrogatories, including No. 1. Ex. 1 (1st Set of Interrogs.).  JCTC responded on August 12.  Ex. 2 (Interrog. Resps.).

Interrogatory No. 1 requests information regarding the alleged dates of invention for each claim of the Asserted Patents:

> For each claim of each Asserted Patent, state the date of invention for such claim, including but not limited to, identifying the dates of conception and actual reduction to practice of that claim, and the contribution of each inventor to the conception and reduction to practice of that claim, and describing in detail any diligence between such conception and reduction to practice, and identifying all documents that corroborate such dates and diligence and all persons who can corroborate such dates and diligence.

Ex. 1 at No. 1.  JCTC's response averred that each Asserted Patent "was conceived and reduced to practice no later than" either the filing date of the application that issued as that patent or the filing date of an application to which that patent claims priority.  Ex. 2 at No. 1.

Although the parties have been meeting and conferring in good faith since JCTC served its response to Interrogatory No. 1, on August 12, counsel for JCTC has represented that JCTC is unable to supplement its response because JCTC lacks any information on which to do so.  The parties exchanged correspondence, met and conferred on August 25, and exchanged further correspondence.  On a September 1 telephone discussion between lead counsel, counsel for JCTC again confirmed that JCTC would not be supplementing its response to Interrogatory No. 1 at this time, and that counsel did not know when it would be able to do so.

## III.  ARGUMENT

JCTC's refusal to provide the discovery requested in Interrogatory No. 1 delays this litigation and prejudices Willow's ability to prepare its invalidity defenses.  Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide a complete response to an interrogatory, as JCTC has done here.  Fed. R. Civ. P. 37.

3

Willow requires the precise dates that JCTC asserts as the dates of conception and of reduction to practice for the Asserted Patents' claims. The prejudice to Willow caused by JCTC's refusal to provide this information is clear: Willow needs this information to develop its invalidity defenses, including its invalidity contentions, which are due November 22, 2022 (D.I. 32 at 2).

It is well-settled law that once a patent's validity has been challenged in a pleading, the plaintiff must disclose the precise dates of conception and reduction to practice. In fact, Courts routinely compel patent owners to provide such dates. *See, e.g., Medtronic*, 2003 WL 23864972, at *3-5 (compelling dates of conception and reduction to practice); *Fresenius*, 224 F.R.D. at 649-50; *Brunswick*, 291 F Supp. at 120-21 (same); *Nazomi Commc'n, Inc. v. ARM Holdings, PLC*, No. 02-cv-02521, 2003 WL 24054504, at *2 (N.D. Cal. Sept. 3, 2003) (compelling patent owner to "provide the *actual dates* that it is claiming for conception, as well as [to] definitively state a date that it claims it 'constructively reduced to practice the claimed invention'") (emphasis in original).

It is equally well-settled that responses such as JCTC's that simply state "no later than __" are "essentially non-responses" and are "incomplete." *See, e.g., Impact Engine, Inc. v. Google LLC*, No. 19-CV-01301-CAB-BGS, 2020 WL 2745230, at *1 (S.D. Cal. May 26, 2020) (plaintiff's response "stating the conception and reduction to practice was 'at least as early as' the filing of the patent application" was "incomplete" and required supplementation); *Invacare Corp. v. Sunrise Med. Holdings, Inc.*, No. 1:04-cv-1439, 2005 WL 1750271, at *4 (N.D. Ohio Jan. 21, 2005) (plaintiff's responses of "at least August 1997" were "essentially non-responses" and required supplementation to provide an actual date of conception and reduction to practice).

As the patent holder, JCTC bears the burden of setting forth, corroborating, and providing the dates of conception and reduction to practice. It should not be burdensome for JCTC provide this information, as the inventors either are (or were) employed by JCTC at the time of the alleged

4

inventions. Indeed, JCTC should have obtained it prior to filing this lawsuit. As the date for invalidity contentions draws nearer, the prejudice to Willow builds. Willow should not be forced to expend resources on preparing its invalidity contentions for JCTC to subsequently assert an earlier conception or reduction to practice date to "swear behind" the prior art references that Willow has identified and charted.

      Thus, JCTC should be ordered to completely respond to Interrogatory No. 1, within 7 days of the Order, to provide, for each of the Asserted Patents' claims: (1) the specific date of alleged conception; (2) the specific date of alleged reduction to practice; (3) a reasonably precise and detailed explanation of the support for such dates, and any diligence performed in reducing the alleged inventions to practice, including all persons who can so corroborate; and (4) a reasonably precise and detailed explanation of the specific contributions of each person alleged to have been involved in the conception, reduction to practice, and diligence, specifically citing any support for those assertions. If JCTC is unwilling or unable to do so, JCTC should be held to the dates it provided in its responses to Interrogatory No. 1, and JCTC should not be permitted to later assert that an earlier date of conception, reduction to practice, and invention applies. *See Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, No. 14-CV-1296-JPS, 2017 WL 3130414, at *3 (E.D. Wis. July 24, 2017) (ordering plaintiff to "either remove the 'at least as early as' language … or identify the earliest dates they intend to assert" within 7 days); *Beckman Coulter*, 2019 WL 1875356, at *3 (ordering plaintiff to "specifically state, without approximation, the earliest [invention] date[s] it intends to claim" within 7 days); *Impact Engine*, 2020 WL 2745230, at *3 (requiring plaintiff to supplement within 7 days).

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Jennifer Ying* |
| | Jack B. Blumenfeld (#1014)<br>Jennifer Ying (#5550)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jying@morrisnichols.com |
| OF COUNSEL: | |
| Russell E. Levine, P.C.<br>Jay Emerick<br>Adam M. Janes<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL  60654<br>rlevine@kirkland.com<br>jay.emerick@kirkland.com<br>adam.janes@kirkland.com<br>(312) 862-2000 | *Attorneys for Defendants and Counterclaim Plaintiffs Willow Technologies, LLC, Willow Technology USA, Inc., and Counterclaim Plaintiff Willow Technology Operations Pty Limited* |
| September 2, 2022 | |

## CERTIFICATION PURSUANT TO D. DEL. LR 7.1.1

Pursuant to Rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, I hereby certify that the parties have made a good faith, reasonable efforts to resolve the matters set forth in this motion, but were unable to do so. These efforts include several written correspondences on the subject of this motion, as well as a meet and confer teleconference and subsequent follow up teleconferences in which counsel for the parties verbally communicated to try to resolve the matters set forth in this motion.

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 2, 2022, upon the following in the manner indicated:

Adam W. Poff, Esquire  *VIA ELECTRONIC MAIL*
Anne Shea Gaza, Esquire
Samantha G. Wilson, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*Attorneys for Plaintiff and Counterclaim Defendant Johnson Controls Technology Company*

Indranil Mukerji, Esquire  *VIA ELECTRONIC MAIL*
Stephen A. Marshall, Esquire
Linda Chang, Esquire
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, DC  20006-1238
*Attorneys for Plaintiff and Counterclaim Defendant Johnson Controls Technology Company*

*/s/ Jennifer Ying*

Jennifer Ying (#5550)